## Pettine v. Patterson

*O'Donnell, Weiss, Quinlan & Mattei*, for plaintiff.

*James N. Peck*, for defendant.

*High, Swartz, Childs & Roberts*, for additional defendant.

DANNEHOWER, P. J., May 21, 1959.—This matter comes before the court involving five separate actions in trespass for the recovery of damages arising from a collision of automobiles on September 30, 1956, at the intersection of North Lane and Ridge Pike, Plymouth Township, Montgomery County, Pa., in which owners, operators and passengers were injured.

The original action is no. 212, February term, 1957, Susan Pettine v. Richard Patterson, to recover $5,000 damages.

The second action, no. 213, February term, 1957, Robert P. Pettine, a minor, by Susan Pettine, his guardian, v. Richard Patterson, defendant, and Charles Pettine, additional defendant, to recover the sum of $1,000 damages.

The third action, no. 214, February term, 1957, Charles H. Pettine v. Richard Patterson, to recover the sum of $1,000 damages and counterclaim in the sum of $5,000 against plaintiff.

The fourth action, no 277, June term, 1957, Edward Williams v. Charles Pettine and Susan Pettine, defendants, and Richard Patterson, additional defendant, to recover the sum of $990.

The fifth action, no 122, September term, 1957, Geraldine Patterson, a minor; Bernadine Patterson, a minor; Richard Patterson, a minor, by their parents and natural guardians, Richard W. Patterson and Leola Patterson, and Leola Patterson, in her own right, v. Charles A. Pettine, defendant, and Richard Patterson, additional defendant, wherein the claim of each plaintiff is under $2,000.

The cases under $2,000 were listed for arbitration, a consolidation for jury trial was requested and defendant Richard Patterson filed a petition for rule to show cause why the companion actions should not be tried by arbitration rather than consolidated for a jury trial together.

To this petition and rule, Susan Pettine, by her attorneys, has filed an answer and desires all cases consolidated for trial at the same time before a jury.

After argument before the court en banc, this matter is pending for decision.

Following the amendment to the Act Relating to Reference and Arbitration of May 17, 1957, P. L. 147, increasing the amount in controversy from $1,000 to $2,000, on June 12, 1957, the Montgomery County court amended its rules applying to arbitration, which read as follows:

"*A. RULE 1*, Subsection A, be and hereby is amended, altered and changed to read as follows:

"All cases, which are now or later at issue, when the amount in controversy (exclusive of interest and costs) shall be Two Thousand Dollars ($2,000.00) or less, except those involving title to real estate, shall be submitted to and heard and decided by a Board of Arbitrators, consisting of three members of the Montgomery County Bar in active practice in this County.

"*RULE VII*, Subsection A and B, be and hereby is amended, altered and changed to read as follows:

"A. These Rules shall apply to cases involving more than one claim, including counterclaims, if none of such claims exceeds Two Thousand Dollars ($2,000.00).

"B. All rules of this Court or Portions thereof which are inconsistent herewith are hereby repealed."

Although we could find no procedural rule involving this precise question, in the recent case of Showell v. Long, 17 D. & C. 2d 36, which involved an action of trespass for injuries to a wife, involving the wife's claim for $2,000 and the husband's claim for $2,000, we said that, in substance, these were two causes of action and since each claim involved an amount less than

$2,000, the two claims could not be lumped to take the case out of the jurisdiction of the arbitration act. Each was subject to compulsory arbitration.

Another lower court case, Swan v. Malishiski, 47 Luz. 35 (1957), which involved a claim under the arbitration limits and a counterclaim in excess of the limits, involves this question. The case was scheduled for arbitration and a rule to show cause was filed to require the original claim and the counterclaim be heard before a jury rather than by arbitrators.

The court in its opinion stated:

"This procedure would render the Arbitration Act inapplicable to any case in which a counterclaim in excess of $1,000 was filed, regardless of the merits of such claim. *This result should not be permitted.*" (Italics supplied.)

The court severed the actions and required the original action be heard by arbitrators. We, however, do not agree with this decision.

The Act of July 16, 1836, P. L. 715, as amended, gave this court permission to provide for compulsory arbitration in all cases where the amount in controversy shall be $2,000 or less. On June 12, 1957, we amended our rules of court to so provide. Our Supreme Court in Smith Case, 381 Pa. 223, 235, in commenting on arbitration boards, said:

". . . it is the statute itself which provides for such boards, leaving to the courts only the right to make administrative regulations; all powers to be exercised by the arbitrators are also granted to them, not by the courts, but by the statute."

Since the enabling statute and our rules of court provide for compulsory arbitration of all claims involving $2,000 or less, it is mandatory that such claims be submitted to arbitration and neither the arbitra-

tion administrator, nor the court, can defeat this mandate by administrative action.

By submitting those cases involving less than $2,000 to a board of arbitrators, plaintiffs are not being deprived of any legal right, for they have a right of appeal from the arbitrator's decision and thus be assured a trial by jury.

### Order

And now, May 21, 1959, for the foregoing reasons, the rule to show cause why certain companion cases should not be submitted to arbitration is hereby made absolute as to the following cases involving less than $2,000, and said cases are ordered to be submitted for arbitration:

1. No. 213, February term, 1957, Robert P. Pettine, a minor, by Susan Pettine, his guardian, v. Richard Patterson, defendant, and Charles Pettine, additional defendant.

2. No. 277, June term, 1957, Edward Williams v. Charles Pettine and Susan Pettine, defendants, and Richard Patterson, additional defendant.

3. No. 122, September term, 1957, Geraldine Patterson, a minor; Bernadine Patterson, a minor; Richard Patterson, a minor, by their parents and natural guardians, Richard W. Patterson and Leola Patterson, and Leola Patterson, in her own right, v. Charles A. Pettine, defendant, and Richard Patterson, additional defendant.

The rule as to the two remaining cases is discharged and these cases are not to be arbitrated but placed on the issue list for jury trial, because the amount involved is over $2,000:

1. No. 212, February term, 1957, Susan Pettine v. Richard Patterson.

2. No. 214, February term, 1957, Charles H. Pettine v. Richard Patterson.